UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FLOWER WORLD, INC., <br><br> Plaintiff, <br> v. <br><br> JOEL SACKS, Director, and CRAIG BLACKWOOD, Acting Assistant Director of the Washington Department of Labor and Industries in their official capacities, <br><br> Defendants. | CASE NO. 3:21-cv-05305-RJB <br><br> ORDER GRANTING DEFENDANTS' SECOND MOTION TO DISMISS (DKT. 17) |

This matter comes before the Court on Defendants' Second Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6).  Dkt. 17.  The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

Plaintiff, Flower World, Inc. ("Flower World"), alleges that the Washington State Department of Labor & Industries lacked the authority to issue Flower World a citation for failure to require masking, social distancing, and temperature checks during the COVID-19 pandemic because federal law preempts the regulation at issue.

For the following reasons, Defendants' motion to dismiss should be granted.

ORDER GRANTING DEFENDANTS' SECOND MOTION TO DISMISS (DKT. 17) - 1

# I.     FACTS AND PROCEDURAL HISTORY

## A. FACTS

Flower World is a horticultural enterprise in Snohomish County. Dkt. 22. On July 28, 2020, the Washington State Department of Labor and Industries ("WDOL") issued Flower World the following citation pursuant to WAC 29-307-045(1), which is the general duty clause of the Washington Industrial Safety and Health Act ("WISHA").

> The employer did not ensure to furnish to each employee a place of employment free from recognized hazards that are causing or likely to cause serious injury or death to employees.
> In this instance, the employer did not ensure that the addendum to the Governor's Proclamation 20-57 (5/28/20) was met. The addendum discusses the requirements concerning the Health of Agricultural Workers.
> The following instances were not met:
> -Social Distancing of six (6) feet at all times by all employees.
> -Masks/Face coverings were not worn at all times by all employees.
> -Temperature checks at the beginning of each work day are not being conducted.
> …
> NOTE: Employers must comply with all conditions for operation required by emergency proclamation issued under RCW 43.06.220, including Safe Start phased reopening requirements for all businesses and any industry specific requirements.

*Id.* at 3–4.

Flower World does not dispute the facts listed in this citation. *See* Dkt. 22. Instead, Flower World argues that the WDOL is prohibited from issuing this citation because the regulations cited are preempted by the federal Occupational Safety and Health Act ("OSH Act"). *Id.* at 2. The Occupational Safety and Health Administration ("OSHA") administers the OSH Act.

Flower World requests a declaratory judgment that Proclamation 20-57 and WAC 2960307-045(1) are preempted by federal law and are in violation of the Supremacy Clause in Article XI, Clause 2 of the United States Constitution.

## B. PENDING MOTION

In the pending motion, Defendants move to dismiss Flower World's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds no federal authority was required for the WDOL to issue the citation, and, therefore, it is not preempted. Dkt. 17. Defendants also argue that there is no federal jurisdiction to bring this claim. The Court will first discuss general standards for a motion to dismiss and preemption, then jurisdiction, and finally the preemption analysis.

## II. DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### B. STANDARD FOR PREEMPTION

"The question of whether a certain state action is pre-empted by federal law is one of

1 congressional intent." *Gade v. Nat'l Sold Wastes Mgmt. Ass'n*, 505 U.S. 88, 96 (1992) (quoting

2 *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 208 (1985)).  Though there are three types of

3 federal preemption, conflict, express, and field, they operate in the same way: Congress enacts a

4 law that imposes restrictions or confers rights; a state law regulates the same restrictions or

5 rights; and, if the federal law clearly intended to preempt the state law, then the federal law takes

6 precedence and the state law is preempted.  *See id.*; *Murphy v. Nat'l Collegiate Athletic Ass'n*,

7 138 S.Ct. 1461, 1480 (2018).

8       By enacting OSH Act, Congress sought "to assure so far as possible ever working man

9 and woman in the Nation safe and healthful working conditions." 29 U.S.C. § 651(b).  To that

10 end, "the Osh Act pre-empts all state 'occupational safety and health standards relating to any

11 occupational safety or health issue with respect to which a federal standard has been

12 promulgated.'"  *Gade*, 505 U.S. at 102 (quoting 29 U.S.C. § 667(b)).  This intent is clear from

13 its statutory language.  Section 18 of the OSH Act, which is codified as 29 U.S.C. § 667,

14 includes two clear directives.  First, § 667(a) states, "Nothing in this chapter shall prevent any

15 State agency or court from asserting jurisdiction under State law over any occupational safety or

16 health issue with respect to which no standard is in effect under section 655 of this title."

17 Second, § 667(b) allows states to promulgate standards for which there is a standard in effect, if

18 the state submits a plan to OSHA, and OSHA approves it.

19       Both the OSH Act and the WISHA include a general duty clause.  Under the OSH Act,

20 each employer must "furnish to each of his employees employment and a place of employment

21 which are free from recognized hazards that are causing or are likely to cause death or serious

22 physical harm." 29 U.S.C. § 654(a)(2).  The WISHA is virtually identical and reads, "Each

23 employer: [] Shall furnish to each of his or her employees a place of employment free from

recognized hazards that are causing or are likely to cause serious injury or death to his or her employees[.]"

Therefore, the OSH Act would preempt the WISHA citation either if there is a specific standard OSHA standard in effect regulating COVID-19 health and safety standards, or if the OSH Act general duty clause is considered a standard that preempts the WISHA general duty clause. If neither condition applies, then the citation is allowed under 29 U.S.C. § 667(a). Before reaching these questions, however, the Court will discuss why there is federal jurisdiction to bring this claim.

1. Federal Jurisdiction Exists

Defendants argue that there is no federal jurisdiction because Washington has an approved state plan under 29 U.S.C. § 667(b). Therefore, the only question is whether there is a violation of WISHA is a question of state law.

While it is true that the question of whether there is a WISHA violation is a question of state law, federal jurisdiction exists because Flower World contends that the OSH Act preempts the citation at issue. The existence of a state plan does not preclude federal jurisdiction. *See Industrial Truck Ass'n, Inc. v. Henry*, 125 F.3d 1305, 1306 (9th Cir. 1997). Theoretically, states could enact new standards not approved by the plan or interpret an approved standard in a way that conflicts with an existing OSH Act standard. Both could comply with state law but could require federal preemption. The issue in this case presents an example of that: the OSH Act could preempt WISHA citations for violating COVID-19 health and safety measures under the general duties clause are if there are OSH Act COVID-19 health and safety standards in place.

Therefore, jurisdiction exists despite the existence of an approved state plan.

1   2.  <u>No Specific OSH Act Standard in Place Regulating COVID -19 Health and Safety</u>

Plaintiff vaguely references OSH Act standards regulating respiratory hazards.  Dkt. 22 at 15.  The most applicable standard appears to be 29 C.F.R. 1910.134 (Respiratory protection), but that standard is to "control those occupational diseases caused by breathing air contaminated with harmful dusts, fogs, fumes, mists, gases, smokes, sprays, or vapors[.]"  It does not apply to protection from airborne viruses.  Plaintiffs provide any other specific OSH Act standard, nor is the Court aware of any other relevant standard.

Therefore, there is no specific standard OSH Act standard in place for the regulating health and safety standards related to COVID-19.

3.  <u>OSH Act General Duty Clause Does Not Preempt WISHA General Duty Clause</u>

The OSH Act general duty clause does not preempt the WISHA general duty clause both because the WISHA general duty clause was approved by OSHA under § 667 and because it is not a specific standard to which preemption would apply.

To the extent that the WISHA general duty clause does conflict with the OSH Act general duty clause, it was approved by OSHA in 1973.  38 FR 2321 (Jan. 26, 1973).  The general duties clause has long been recognized as a means by which safety violations for which there is no specific standard in place may be cited.  *See Briston Steel & Iron Works, Inc. v. Occupational Safety & Health Review Comm'n*, 601 F.2d 717, 721 (1979).  By approving the WISHA general duties clause, OSHA approved of WDOL using its general duties clause for the same reason.

In addition, the general duty clause is not a standard.  It is not found in the "Standards" Section of the OSH Act.  29 U.S.C. § 655.  It is in Section 5, "Duties."  29 U.S.C. § 654.

"The OSH Act is *not* meant to interfere 'with states' exercise of police powers to protect their citizens.'" *Ramsey Winch Inc. v. Henry*, 555 F.2d 1199, 1207 (10th Cir. 2009) (quoting *Lindsey v. Caterpillar, Inc.*, 480 F.3d 202, 208 (3rd Cir. 2007)).  That is at least part of the reason § 667(a) allows states to "assert jurisdiction under State law over any occupational safety or health issue with respect to which no [OSH Act] standard is in effect[.]"  To find that the OSH Act's general duty clause preempts state regulation through its own general duty clause, would interfere with the State's ability to protect employees from unanticipated hazards and would frustrate states' ability to protect its citizens.

Therefore, the OSH Act general duties clause does not preempt the WISHA general duties clause.

## C.  CONCLUSION

The OSH Act does not prohibit WDOL from issuing a citation for failure to comply with health and safety measures related to the COVID-19 pandemic because there is not a specific federal standard in place regulate health and safety related to COVID-19.  Though preemption is the only issue raised in the complaint, the Parties also dispute whether issuance of the citation complied with Washington State law.  That is a question of Washington law not relevant to the preemption question.

## III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants' Motion to Dismiss (Dkt. 17) **IS GRANTED**;
- This case **IS CLOSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 3rd day of August, 2021.

ROBERT J. BRYAN
United States District Judge